UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**ICON EV LLC,**

    **Plaintiff,**

v.                                                 **Case No.: 8:24-cv-611-KKM-AAS**

**LUCKY 7 FORT WAYNE INC.,**
**d/b/a LUCKY 7 CAR STORE,**

    **Defendant.**
_____/

**ORDER**

Plaintiff, Icon EV, LLC (Icon) move for entry of default judgment against Defendant Lucky 7 Fort Wayne, Inc. d/b/a Lucky 7 Car Store (Lucky 7). (Doc. 15). There are deficiencies with Icon's motion that prevent the undersigned from recommending default judgment be entered in Icon's favor.

Although the motion asserts Icon is entitled to default judgment, nowhere does Icon identify the elements of any of its claims or explain why it is entitled to default judgment on its claims. It appears Icon is simply arguing it is entitled to default judgment based solely on Lucky 7 being in default. This is not enough. *Nishimatsu Const. Co. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975); *see also Gurit Balsaflex Cia. LTDA v. Cerix Corp.*, No. 6:21-CV-246-WWB-LRH, 2021 WL 9333863, at *3 (M.D. Fla. Oct. 14, 2021) (denying without prejudice motion for default judgment where the plaintiff did

not identify the elements of any of its claims); *Gridley IP LLC v. Cabconnect, Inc.*, No. 8:21-cv-265-CEH-AEP, 2021 WL 3602805, at *1 (M.D. Fla. Aug. 13, 2021) (denying without prejudice motion for default judgment where motion "fail[ed] to set forth the elements of Plaintiff's claim against Defendant, with citation to legal authority, or show how the well-pleaded allegations of the complaint establish those elements"); *BMO Harris Bank, NA v. DTL Transp., Inc.*, No. 6:16-cv-2238-Orl-37KRS, 2017 WL 8314658, at *1 (M.D. Fla. June 6, 2017) (finding deficient a motion for default judgment where the motion "d[id] not set forth the elements of Plaintiff's claims against Defendant with citation to legal authority or show how the well-pleaded allegations of the complaint establish each of those elements. Instead, it merely assert[ed] that Defendant is liable and focuse[d] on Plaintiff's entitlement to various remedies.").

Any renewed motion must include a memorandum of legal authority that sets forth the elements of each cause of action asserted (according to the applicable law) and demonstrates how the well-pleaded allegations of the complaint establish each element of the claims for which Icon requests default judgment. If Icon is requesting default judgment on all its claims, Icon must provide a citation to the relevant legal authority establishing Icon is entitled to its requested relief.[1]

---

[1] *See* Local Rule 3.01(a), M.D. Fla. (A motion must include — in a single document no longer than twenty-five pages inclusive of all parts — a concise statement of the

Accordingly, Icon's motion for entry of default judgment against Lucky 7 (Doc. 15) is **DENIED without prejudice**. Icon may file a renewed motion for default judgment that addresses the deficiencies identified in this Order.

**ORDERED** in Tampa, Florida on July 2, 2024.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge

---

precise relief requested, a statement of the basis for the request, and a legal memorandum supporting the request. . .").